```
UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NEW YORK
_____
                                      )
SOLOMON A. BURGESS,                   )
                                      )
            Plaintiff,                )
                                      )   Case No.
      v.                              )
                                      )
COLORADO CAPITAL ASSET MANAGEMENT     )
CORPORATION                           )
                                      )
            Defendant.                )
_____)
```

**COMPLAINT**

**Introduction**

1. This is an action brought by Solomon Burgess, an elderly, retired low-income consumer living on social security, against a corporate debt collector for engaging in abusive, deceptive and unfair debt collection practices prohibited by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*., and the New York Deceptive Practices Act, GBL §349.

2. As more fully explained herein, and in violation of these federal and state statutes, defendant attempted to use the judicial system to collect a consumer debt for an amount $250 more than Plaintiff Burgess could have possibly owed.

## I. JURISDICTION AND VENUE

3. This court has jurisdiction over plaintiff's federal claims asserted against defendant in this action pursuant to 28 U.S.C. §1331, §1337, and 15 U.S.C. §1692k(d).

4. Plaintiff's request for declaratory relief is authorized by 28 U.S.C. §2201 and §2202.

5. This court has supplemental jurisdiction of plaintiff's claim brought under New York GBL §349 pursuant to 28 U.S.C. §1367(a), and this state law claim arises out of a common nucleus of operative facts.

6. Plaintiff's request for injunctive relief against defendant's unfair and deceptive practices is authorized by GBL §349(h).

7. Plaintiff seeks actual and/or statutory damages as well as punitive damages pursuant to 15 U.S.C. §1692k, and GBL §349(h).

8. Venue in this court is proper under 28 U.S.C. §1391(b) because a substantial part of the acts giving rise to plaintiffs' claims occurred in the Western District of New York.

## II. PARTIES

### A. PLAINTIFF

9. Plaintiff Solomon Burgess is 78 years old and resides with his wife, Janie Burgess, age 65, in the City of Rochester.

10. Both Mr. and Mrs. Burgess have been totally disabled since 1992, and their only income is social security and a small pension.

11. Plaintiff Burgess is a natural person obligated on, or allegedly obligated on, a debt and is a "consumer" as defined under the Fair Debt Collection Act, 15 U.S.C. §1692a(3).

12. Plaintiff's alleged "debt" is an obligation for money, goods, insurance, or services for primarily personal, family, or household purposes, as defined under the FDCPA, 15 U.S.C. §1692a(5).

**B. DEFENDANT**

13. Defendant Colorado Capital Asset Management Corp. regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined under the FDCPA, 15 U.S.C.§ 1692a(6).

14. Jim Scoroposki is an authorized agent employed in the Recovery Division of Defendant Colorado Capital Asset Management Corp.

15. Defendant "conducted a business" and/or "furnished a service" as those terms are defined in New York State General Business Law §349 (the "Deceptive Practices Act").

- 4 -

### III.  FACTS

16. In September 2004, Colorado Capital Investments, Inc. initiated a civil action against Plaintiff Burgess for an unpaid credit card debt in Rochester City Court, <u>Colorado Capital Investments, Inc., v. Solomon A. Burgess</u>, Index No. 16094-04 (Rochester City Court).

17. In this action, Colorado Capital Investments, Inc. claimed plaintiff owed $2022.55, attorney fees amounting to $303.38, plus statutory interest, costs, and disbursements.

18. On September 23, 2004, Plaintiff Burgess, appearing pro se, timely filed an Answer denying that he owed this sum to Colorado Capital Investments, Inc.

19. After Mr. Burgess filed his pro se Answer on September 23, 2003, the case remained dormant until June 27, 2008, when Defendant Colorado Capital Asset Management Corp. filed a "Motion to Amend the Caption and to Grant Summary Judgment" in Rochester City Court.

20. Plaintiff Burgess received a copy of defendant's motion and supporting affidavits in July 2008.

21. In this motion, Defendant Colorado Capital Asset Management Corp sought to "amend the caption to reflect [it as] the current owner of all rights, title, and interest regarding [Plaintiff Burgess'] account."

22. Jim Scoroposki, an authorized agent of defendant's Recovery Division, submitted a sworn affidavit in support of defendant's motion and described his calculations used to determine the amount of Plaintiff Burgess' purported credit card debt now owed to Colorado Capital Asset Management Corp.

23. As sworn to in Mr. Scoroposki's affidavit, Plaintiff Burgess owed a total of $2022.55 to Colorado Capital Asset Management Corp., excluding any claims of statutory interest, costs, or attorney fees.

24. As sworn to in Mr. Scoroposki's affidavit, Plaintiff Burgess' debt to Defendant Colorado Capital Asset Management Corp totaling $2022.55 is comprised of plaintiff's unpaid credit card balance of $1,010.53, plus "accrued contractual post-charge off interest at the rate of 23.99%" from approximately May 25, 2001 through September 29, 2003.

25. Defendant's motion for summary judgment was denied on or about September 8, 2008 by Rochester City Court Judge Thomas R. Morse.

26. Assuming Mr. Burgess owes a credit card balance of $1010.53, as claimed by defendant, using the same amounts and variables applied and sworn to by defendant's authorized agent Jim Scoroposki, the maximum amount owed by Plaintiff Burgess for this debt is only $1768.76

27. In filing its legal pleadings and motion with the Rochester City Courts, defendant attempted to use the judicial system to overcharge and collect at least $250 more from Plaintiff Burgess than he could have possibly owed for this same debt.

28. In filing its legal pleadings and motion with the Rochester City Courts, defendant failed to undertake accurate mathematical calculations or determine whether defendant's factual contentions have proper evidentiary support.

### IV.   FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. The terms of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq,* apply to litigation activities, including motions and pleadings filed by attorneys on behalf debt collectors seeking to collect consumer debts.

30. In filing its summary judgment motion demanding a judgment of $2022.55 against plaintiff, Defendant Colorado Capital Asset Management Corp. violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, et seq., by

   a. Using false, deceptive or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. §1692e(10); and by

   b. Misrepresenting the character, amount, or legal status of the alleged debt in contravention of 15 U.S.C. §1692e(2)(A); and by

  c. Attempting to collect more than is legally owed, in violation of 15 U.S.C. §1692f(1); and by

  d. Engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt owed by defendant to plaintiff, prohibited by 15 U.S.C. §1692f.

31. As a result of defendant's conduct in violating the Fair Debt Collection Practices Act, plaintiff has suffered damages.

## SECOND CAUSE OF ACTION
## UNFAIR AND DECEPTIVE PRACTICES

32. Defendant violated the Deceptive Practices Act by engaging in acts and practices which were misleading in a material way, unfair, deceptive, and contrary to public policy and generally recognized standards of business, including but not limited to:

  a) Using false, deceptive, or misleading representations in attempting to collect a debt from the plaintiff;

  b) Seeking a judgment against plaintiff and claiming he  legally owed $2055.55 plus interest, when under facts most favorable to defendant, the amount in controversy was best $1768.76; and

  c) Misrepresenting the character and amount of the debt purportedly owed by plaintiff to defendant.

- 8 -

33. As a result of defendant's conduct in violating the Deceptive Practices Act, plaintiff has suffered damages.

WHEREFORE, plaintiff respectfully request this honorable Court

    a)    Assume jurisdiction of this case;

    b)    Declare that Defendant Colorado Capital Asset Management Corp. violated the provisions of Fair Debt Collection Practices Act, 15 U.S.C. §1692, as set forth herein; and award plaintiff actual and statutory damages in the amount of $1000 for violations of the Act, pursuant to 15 U.S.C. §1692k; and

    c)    Declare that Defendant Colorado Capital Asset Management Corp. violated the Deceptive Practices Act, GBL §349(h); enjoin defendant from committing any future violations of the Act; and award plaintiff actual damages or statutory damages whichever is greater; and

    d)    Award plaintiff costs and reasonable attorney fees pursuant to Fair Debt Collection Practices Act, 15 U.S.C. §1692k and the Deceptive Practices Act, GBL §349(f) against defendant; and

    e)    Grant plaintiff any and all other relief this Court may deem just and proper.

- 9 -

        Respectfully Submitted,

        Empire Justice Center
        1 West Main Street, Suite 200
        Rochester, NY 14614
        Telephone:  (585) 454-4060

By:  <u>/s/ Peter O'Brian Dellinger</u>
    Peter O'Brian Dellinger
    Attorneys for Defendant
    pdellinger@empirejustice.org

Date: June 22, 2009